IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEATRIZ MARTINEZ-HILL,

        Plaintiff,

vs.                                          No. CIV  00-272 MV/LFG-ACE

UNIVERSITY OF CALIFORNIA
BOARD OF REGENTS, dba Los
Alamos National Laboratory, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## ON RULE 35 EXAMINATION OF PLAINTIFF
## AND EXTENSION OF PRETRIAL DEADLINES

THIS MATTER is before the Court on a telephonic conference hearing to consider a discovery dispute.  The dispute arises out of Defendants' proposed Fed. R. Civ. P. 35 psychological examination of the Plaintiff, Beatriz Martinez-Hill ("Martinez-Hill").

In accord with the two-prong goals of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, that is, to expedite the ultimate disposition of a lawsuit and to reduce the costs of litigation, the District of New Mexico adopted an expedited method of handling single-issue routine or minor discovery disputes.  The parties may request a telephonic conference with the Court to resolve these discovery issues.  At the  hearing, the parties present their concerns, discuss the dispute and argue their issues without the necessity of filing formal motions, responses and replies.  This procedure significantly expedites the disposition of discovery motions and reduces briefing costs.  In this case, both Plaintiff and Defendants agreed to utilize this procedure, and, accordingly, the telephonic hearing was conducted without objection.

**Background**

Martinez-Hill brings her claim for damages pursuant to Title VII of the Civil Rights Act of 1964, and alleges that she was the victim of sexual discrimination, sexual harassment, and retaliation for having opposed discriminatory practices.  She also brings a claim pursuant to 42 U.S.C. § 1983, alleging a deprivation of constitutional rights.  In this federal litigation Martinez-Hill states that she suffered physical injury, economic damages, embarrassment, humiliation and severe emotional distress, as well as other related damages arising from Defendants' alleged acts and omissions.

In preparation for prosecuting her claim for severe emotional injury, Martinez-Hill designated an expert witness, Dr. Larkin, to offer expert opinion and testimony concerning Martinez-Hill's psychological injuries and damages.  As part of the evaluation, Dr. Larkin interviewed Martinez-Hill and administered various psychological tests over a two-day period.  Dr. Larkin's Fed. R. Civ. P. 26 report was also presented to Defendants.

It is undisputed that Martinez-Hill's mental and emotional condition is at issue.  Nora Palmer Fox v. Gates Corp., 179 F.R.D., 303 (D. Colo. 1998); Thiessen v. Gen. Elec. Capital Corp., 178 F.R.D. 568 (D. Kan. 1998).  Defendants designated Dr. William E. Foote as their expert for purposes of conducting a Rule 35 independent psychological examination and to provide testimony at the time of trial.

The parties do not dispute the propriety of a Rule 35 examination, but disagree, however, on the time, place, manner, conditions and scope of the exam.  They disagree on the following issues:

1.  Martinez-Hill requests specific information concerning Dr. Foote and his relation with defense counsel, his practice and prior testimony; in the absence of pre-exam information, Martinez-Hill opposes the examination;

2

2.  Martinez-Hill requests specific information on why certain tests are to be administered;

3.  the parties disagree on the terms of a proposed protective order to limit disclosure of information obtained;

4.  the parties disagree on whether costs and lost wages should be paid to Martinez-Hill for expenses incurred and wages lost during testing; and

5.  Martinez-Hill wishes to limit testing and evaluation to one day.

## Request for Pre-Exam Information From Dr. Foote

Prior to submitting to the examination, Martinez-Hill requested specific information concerning Dr. Foote and his relationship with defense counsel's law firm, together with information concerning the tests he intends to administer and an explanation as to why these tests are reasonable.

Defendants responded by providing Dr. Foote's curriculum vitae and a description of the psychological tests that would be administered.  Martinez-Hill still objects to proceeding to the Rule 35 examination until additional information is provided, including the following:

> Whether Dr. Foote is, or has been, a client of your firm or has been employed by your client, including as an expert witness, and the number of times in which he has evaluated persons for damages related to employment discrimination claims and how many of those times he concluded that the person had suffered any damage.

(Letter to opposing counsel, p. 1, ¶ 1).

In 1991, the Federal Rules of Civil Procedure were amended to include a provision that in Rule 35 examinations, the court should determine that the person who is proposed to conduct a mental examination be suitably licensed or certified.  The Advisory Committee Commentaries state:

> The requirement that the examiner be *suitably* licensed or certified is a new requirement.  The court is thus expressly authorized to assess the credentials of the examiner to assure that no person is subjected

> to a court-ordered examination by an examiner whose testimony
> would be of such limited value that it would be unjust to require the
> person to undergo the invasion of privacy associated with the
> examination.  [Emphasis in original].

It is clear that the amendment to Rule 35 was intended to ensure that the proposed examiner have suitable qualifications to conduct the proposed examination.  Dr. Foote is a licensed clinical psychologist w[1]ho has previously qualified to offer opinion testimony in both state and federal courts. He is a person "suitably licensed or certified" to conduct a Rule 35 examination.

The Court overrules Martinez-Hill's objections to have the Rule 35 examination conducted until she first receives the additional information requested.

The Court notes, however, that the information requested from Dr. Foote is of the type appropriately obtained from an expert as part of formal discovery, and the subjects raised in Martinez-Hill's letter to opposing counsel can properly be explored during Dr. Foote's deposition.  Clearly, the interest, bias or prejudice of any witness, including an expert, are factors that may be considered by a jury in determining the credit to be given to the testimony offered by the expert.  See, Fed. R. Evid. 702; Moe v. Avions Marcel Dassault-Breguer Aviation, 727 F.2d 917, 929 (10th Cir. 1984). However, failure to provide that information prior to testing is not a proper basis for resisting a Rule 35 examination by an otherwise qualified clinician, and the Court overrules Martinez-Hill's first objection.

### **Information on Tests**

The second objection concerns the tests that will be administered.  Dr. Foote proposed

---

[1] The determination of whether any witness is qualified as an expert witness in any case if left to the sound discretion of the trial judge after consideration of the witness's background, training, skill, education and experience. This present discovery ruling is not intended to supercede the trial court's own determination on whether Dr. Foote will or will not be designated as an expert.

4

administering the Minnesota Multiphasic Personality Inventory, a well-known testing procedure used by medical and psychological professionals to provide an objective assessment of certain personality characteristics and traits.  See, Regents of the Univ. of Minnesota v. Applied Innovations, Inc., 685 F. Supp. 698 (D. Minn. 1987), aff'd, 876 F.2d 626 (8th Cir. 1989).  Dr. Foote also intends to administer a related, but somewhat lesser-known, test called the Personality Assessment Inventory ("PAI"), which surveys an individual's background or mental attitudes for the purpose of determining personality traits.  See, e.g., Molesky v. Walter, 931 F. Supp. 1506 (E.D. Wash. 1996).  Dr. Foote also intends to administer the Wechsler Intelligence Scale and Wechsler Memory Scale, both of which are commonly used examinations to test intelligence and recall.  Generally, these are all standard psychological examinations accepted by the experts in the field and are frequently used to assess a plaintiff's psychological/emotional condition.

The two remaining tests, which Dr. Foote intends to administer are the Rey-Osterreith Complex Figure Test, which is used to test spatial relations and memory.  See, e.g., Argen v. New York State Bd. of Bar Exam'rs, 860 F. Supp. 84, 86 (W.D.N.Y. 1994), and the test of memory malingering, also known as the TOMM.  This test, too, has application in determining consistency of responses and malingering.  See, e.g., Villalba v. Consol. Freightways Corp., No. 98-C-5347, 2000 WL 1154073 (N.D. Ill. August 14, 2000).

Because Martinez-Hill's own expert already administered the MMPI and WAIS tests,  Dr. Foote agreed not to re-administer those tests, conditioned on Dr. Larkin providing him with Martinez-Hill's test results, notes and test reports.

The Court determines that the tests Dr. Foote intends to administer are well-known and accepted in the psychological community and the results will be relevant to contested issues in this

case. The Court determines that the information already provided by Defendants concerning the tests to be administered is sufficient, and Defendants are not required in this pre-examination period to provide any further information concerning Dr. Foote's motivation in selecting or administering these tests. Thus, the Court overrules Martinez-Hill's objections. As noted earlier, however, the information requested by Martinez-Hill can be obtained during Dr. Foote's post-examination deposition.

### Protective Order

Martinez-Hill also seeks a protective order to limit the use of the information obtained during the course of the Rule 35 examination. Her request, in part, is reasonable and will be granted. First, Dr. Foote may not, during the course of examination or evaluation, seek to have Martinez-Hill disclose confidential attorney-client discussions.

Second, the Court directs that the information obtained by Dr. Foote not be disclosed outside of this litigation. The information may properly be used for motion practice, discovery and, consistent with rules of evidence, evidentiary purposes at the time of trial. At the conclusion of the litigation, however, all written reports relating to Martinez-Hill's testing shall be returned to her and may not be disclosed outside this litigation or used for any other purposes. Similarly, experts or witnesses to whom information has been disclosed during the course of this litigation are precluded from relating, publishing or utilizing this information for purposes other than this litigation.

Martinez-Hill requests that the Court preclude defense counsel from sharing the information obtained about or from Martinez-Hill with their clients. Defense counsel argue, however, that they have an obligation to represent their clients, and disclosure of certain information may be necessary to assist counsel in their role of effective defense advocates. The Court agrees. However, the Court

6

instructs counsel that disclosure should be limited and should be conveyed to individual defendants only when there exists a need for that client to know specific information obtained during the Rule 35 examination or when disclosure of information is necessary for purposes of effective advocacy on behalf of the client. Counsel are expected to proceed with caution and circumspection, respecting Martinez-Hill's privacy interests, and thus disclosing sensitive information only when necessary to effectively represent the Defendants.

## Cost and Lost Wages

This area of dispute concerns costs. Martinez-Hill requests that the examination be limited to one day and that she be reimbursed for lost wages, round-trip travel, meals and accommodations, or expenses incurred as a result of the testing. Defendants agree to pay travel, meal and lodging costs, but argue that Martinez-Hill has no right to reimbursement of lost wages. The Court agrees.

Because the examination is to occur in Albuquerque, Defendants should provide Martinez-Hill with round-trip travel funds, including mileage and per diem at the rate paid to federal employees on official travel. The Court is sensitive to the fact that the examination is inconvenient and will be disruptive to Martinez-Hill and her family and that she may well incur some wage loss. However, these types of inconveniences and losses are part of the costs of litigation. They are no different than the burdens imposed on other parties who also have to endure depositions or participate in trials. The very act of filing a suit and asking for damages subjects a party to certain burdens, inconveniences and expenses that are part of a litigation process.

## Limitation on Length of Testing

Martinez-Hill's request to limit Dr. Foote to one day of testing is unreasonable. It is undisputed that Martinez-Hill's own doctor, Dr. Larkin, took two days to administer his tests and

conduct his evaluation.  Under these circumstances, a request to limit Defendants only one day of testing to less time is unreasonable.  If Dr. Larkin required two days to be able to conduct his evaluation, it is difficult to argue that Defendants' request for two days is improper.

Dr. Foote indicates that a portion of his evaluation consists of testing and the second portion consists of a face-to-face interview with the subject.  He prefers an interval of time between the testing and the interview.  However, Martinez-Hill wishes to avoid an overnight stay away from her home; therefore, if the parties agree, the Rule 35 exam can be conducted on two separate days with an appropriate interval.  However, if the parties are unable to agree on separate dates, the Court will authorize Dr. Foote to conduct his Rule 35 examination over a two-day period, and the days must be successive.

Defendants are given until November 6, 2000 to complete the examination and provide their Rule 35(b) or Rule 26 report.  Other case management deadlines are extended as follows:

| | |
|---|---|
| Termination for discovery | December 6, 2000 |
| Motions relating to discovery filed by | December 28, 2000 |
| Pretrial motions, other than discovery motions, shall be filed with the Court no later than | January 4, 2001 |
| Pretrial Order: Plaintiff's portion to Defendants | February 12, 2001 |
| Defendant to the Court on or before | February 26, 2001 |

IT IS SO ORDERED.

_____
Lorenzo F. Garcia
United States Magistrate Judge